**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CHRISTY RIOS, et. al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )     **Case No. 17-CV-758-SMY-SCW** |
| | ) |
| **BAYER CORPORATION, BAYER** | ) |
| **HEALTHCARE LLC, BAYER ESSURE,** | ) |
| **INC., BAYER HEATHCARE** | ) |
| **PHARMACEUTICALS, INC., and** | ) |
| **BAYER A.G.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**Yandle, District Judge:**

This matter is before the Court *sua sponte* for its evaluation of subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). For the following reasons, this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

### Background

This Court previously remanded this case *sua sponte* on October 12, 2016 (See, *Rios v. Bayer Corp.*, No. 16-CV-1010-SMY-RJD, 2016 WL 5929246, at *2 (S.D. Ill. Oct. 12, 2016)).[1] Defendants have now removed the case for a second time, asserting that the recent U.S. Supreme Court decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco*

---

[1] Defendants unsuccessfully appealed the Court's remand. *See Rios v. Bayer Corp.*, No. 16-3896 (7th Cir.).

*County*, 137 S. Ct. 1773 (2017) ("*BMS*") and a decision denying remand in *Jordan v. Bayer Corp.*, No. 4:17-cv-00865-CEJ, 2017 WL 3006993 (E.D. Mo. July 14, 2017) support re-removal. Specifically, Defendants urge the Court to follow the Eastern District of Missouri and other district courts by conducting a personal jurisdiction analysis when this Court clearly lacks subject matter jurisdiction. Because complete citizenship diversity is still lacking on the face of the Complaint, the Court once again declines Defendants' request.[2]

## <u>Discussion</u>

Plaintiffs are 95 individuals who are citizens of 27 different states and the District of Columbia (Doc. 1-1, ¶¶ 2-96). Defendant Bayer Corporation is a citizen of Indiana and Pennsylvania; Defendant Bayer Healthcare LLC is a citizen of Delaware, New Jersey, Pennsylvania, Germany, and the Netherlands; Defendant Bayer Essure, Inc. is a citizen of Delaware and New Jersey; and Defendant Bayer Healthcare Pharmaceuticals, Inc. is a citizen of Delaware and New Jersey (Doc. 1-1).

Plaintiffs filed this action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, seeking damages against Defendants arising out of alleged injuries sustained as a result of the implantation and use of Essure – a medical device deigned to be a form of permanent female birth control. Defendants removed the action to this Court asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331 (Doc. 1).

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000,

---

[2] Plaintiffs' First Amended Complaint (Doc. 11) was filed without leave of court and is hereby **STRICKEN**. Accordingly, the Court's analysis below is based on the original Complaint (Doc. 1-1).

exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id.*

In this case, Plaintiff's Complaint alleges that Defendants are citizens of Delaware, Indiana, New Jersey, Pennsylvania, Germany and the Netherlands, and that some of the plaintiffs are also citizens of Indiana, New Jersey, and Pennsylvania. Thus, complete diversity does not exist on the face of the Complaint. In their Notice of Removal, Defendants state that this Court nonetheless has diversity jurisdiction because the out-of-state Plaintiffs' claims were either fraudulently joined or procedurally misjoined, and thus the non-diverse Plaintiffs' citizenship should be ignored for purposes of determining jurisdiction. But because it is clear from the face of the Complaint that diversity jurisdiction is lacking, the Court need not first determine the existence of personal jurisdiction, and once again opts not to do so in this case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (stating that if subject- matter jurisdiction involves "no arduous inquiry," then "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first"); *Anglin v. Bristol-Myers Squibb Co.*, 2012 WL 1268143, at *4 (S.D. Ill. 2012); *Lambert v. Wal-Mart Stores, Inc.*, 2015 WL 264817, at *3 (S.D. Ill. 2015).

Defendants also seek to invoke federal question jurisdiction pursuant to 28 U.S.C. §

1331, asserting that Plaintiffs' claims depend on the resolution of a substantial, disputed federal question and the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress. Pursuant to 28 U.S.C. § 1331, federal district courts may assert jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. Under "the well-pleaded complaint doctrine," federal question jurisdiction is present where the face of the complaint alleges a violation of federal law. *Caterpillar Inc. v. Williams,* 482 U .S. 386, 392 (1987).

To establish federal question jurisdiction in this case, Defendants must show either: (1) that a federal statute grants the court jurisdiction; or (2) that there is common law jurisdiction to a "uniquely federal interest," which would be frustrated by the "application of state law." *Northrop Corp. v. AIL Systems, Inc.,* 959 F.2d 1424, 1426–27 (7th Cir. 1992). In *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the plaintiff alleged that ingestion of a drug manufactured by the defendant resulted in birth defects, claiming in part that the drug was "misbranded" in violation of the Food, Drug, and Cosmetic Act (FDCA). *Id.* at 805. The Supreme Court found that the labeling claims belonged in state court, noting that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 813. In doing so, the Court held that even though federal law would have to apply in resolving the case, the issues did not sufficiently implicate important federal interests since the FDCA provides no federal cause of action. *Id.* at 814.

Similarly here, while Plaintiffs allege that Defendants' conduct violates the FDCA and consideration of federal regulations may indeed be involved in the disposition of this action, those facts alone are insufficient to create federal question jurisdiction. *See Lancaster v.*

*Astellas Pharma, Inc.,* No. 08–cv–0133–MJR, 2008 WL 4378441, at *4 (S.D. Ill. 2008) (noting "the mere fact that a state court may have to reference federal regulations in determining the outcome of a claim is not sufficient by itself to create a substantial federal question); *Wagner v. Wisconsin Auto Title Loans, Inc.,* 584 F.Supp.2d 1123, 1125 (E.D. Wis. 2008) (incorporation of federal regulation though state statute insufficient to create disputed issue of federal law where alleged conduct, if true, would indisputably violate federal statute); *Fuller v. BNSF Ry. Co.,* 472 F.Supp.2d 1088, 1094 (S.D. Ill. 2007) (rejecting federal question jurisdiction where plaintiff's complaint cited a "a lone federal regulation as an element of a state-law tort claim"); *Orbitz, LLC v. Worldspan, L.P.,* 425 F.Supp.2d 929 (N.D. Ill. 2006) (declining to exercise federal question jurisdiction where plaintiffs' claim under the Illinois Consumer Fraud and Deceptive Business Practices Act alleged violation of federal regulations but resolution of claim turned on showing of deceptive conduct).

This Court lacks subject matter jurisdiction over this matter. Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** back to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. All pending motions are terminated as **MOOT** and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: August 22, 2017**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**